Richard A. McKinney
HIGIER ALLEN & LAUTIN, P.C.
5057 Keller Springs Road, Suite 600
Addison, Texas  75001-6231
Telephone:  (972) 716-1888

ATTORNEYS FOR GREEN TREE SERVICING LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ROBERTO TIJERINA AND CARMAN TIJERINA** | § | Case No. **12-10346-RLJ-13** |
| | § | If a timely answer is filed, a Final hearing on this |
| Debtors. | § | Motion will be held on December 4, 2013 at 11:00 a.m. |

### MOTION TO LIFT AUTOMATIC STAY AND
### WAIVER OF THIRTY DAY HEARING REQUIREMENT

Green Tree Servicing LLC ("Green Tree"), a secured creditor of above referenced Debtors, requests that this Court grant Green Tree relief from the automatic stay and, in support of this motion would show the Court the following:

1. NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS ELECTRONICALLY FILED OR SUBMITTED ON DISKETTE TO THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT NOVEMBER 13, 2013 BEFORE THE CLOSE OF BUSINESS FOURTEEN DAYS FROM THE SERVICE OF THIS MOTION. IF SERVICE IS BY MAIL, THREE ADDITIONAL DAYS ARE ALLOWED PURSUANT TO FED. R. BANKR. P. 9006(F).

ANY RESPONSE MUST BE IN WRITING, ELECTRONICALLY FILED OR SUBMITTED ON DISKETTE TO THE CLERK AND A COPY SERVED UPON COUNSEL FOR THE MOVING PARTY WITHIN THE TIME DESCRIBED ABOVE. IF NO RESPONSE IS TIMELY FILED, THE RELIEF REQUESTED SHALL BE DEEMED UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.

IF A RESPONSE IS FILED, A FINAL HEARING ON THE MOTION WILL BE HELD AT DECEMBER 4, 2013 AT 11:00 A.M. IN UNITED STATES BANKRUPTCY COURT ROOM 2201, 3RD AND PINE, ABILENE, TEXAS 79604. THE RESPONSE MUST CONTAIN THE INFORMATION REQUIRED BY N.D. TEX. L.B.R. 4001.1(B).

2. This Court has jurisdiction of this contested matter pursuant to 28 U.S.C. Sec. 134 and 157(b)(2)(G) and 11 U.S.C. Sec. 362. This proceeding is a core proceeding as defined in 28 U.S.C. 157(b)(2)(G). Additionally, this is a proceeding pursuant to Bankruptcy Rules 4001 and 9014 to obtain relief from the automatic stay. Green Tree waives it right to a thirty day hearing.

3. On June 19, 2001, Debtors executed a Sale Contract in the principal amount of $31,200.00 (the "Contract") with Jim Walter Homes, Inc. Attached as <u>Exhibit "A"</u> and incorporated for all purposes hereto is a true and correct copy of the Contract. The Contract provided that the Debtors' payments would be $267.10 for 300 months. The Contract was secured by a Purchase Money Deed of Trust (the "Deed of Trut") on certain real property (the "Real Property") more particularly described in the Deed of Trust as: ALL THAT CERTAIN LOT, TRACT OR PARCEL OF LAND SITUATED IN TAYLOR COUNTY, TEXAS, AND BEING LOT NO. SIXTEEN (16) IN BLOCK NO. THIRTY-FOUR (34) IN ARTHUR SEARSPARK, AN ADDITION TO THE CITY OF ABILENE, TEXAS and more commonly described as: 2010 Graham St., Abilene, Texas 79603. Attached as <u>Exhibit "B"</u> and incorporated for all purposes hereto is a true and correct copy of the Lien. The Contract was being serviced by Walter Mortgage Company ("Walter Mortgage"). On or about January 1, 2012, Walter Mortgage merged with Green Tree. Green Tree is the present owner and holder of the Contract and authorized to bring this Motion.

4. As of the date of the filing of this Motion, the payoff of the Contract was $26,151.02.

5. Debtors defaulted on direct monthly post-petition contract obligations. As of October 23, 2013, the amount of the Debtors' default is $583.66.

6. Green Tree requests that the Court enter an Order Lifting the Automatic Stay to allow Green Tree to repossess, foreclose and sell the Real Property, because there is no equity in the Real Property, the Real Property is not necessary for Debtors' reorganization, and Debtors defaulted on post-petition contract obligations.

7. Debtors' actions caused Green Tree to retain the undersigned counsel to represent them in

this matter and Green Tree has incurred and will incur reasonable attorney's fees and costs for the preparation of this Motion, proposed Order, negotiations with the Debtors, and attendance at the hearing, if required.

Alternatively, in the event that the Debtors' account is current at the time of the hearing on this motion, then Green Tree requests that the Court modify the stay to provide the following:

1)   that the stay will lift automatically in the event that Debtors fail(s) to cure future default on direct payments, insurance, or plan payments within ten (10) days after notice of such default is sent by Green Tree via Certified Mail and Regular Mail to Debtors and Debtors' Attorney.

2)   that only two (2) such default notices are required. After two such notices have been given the stay will lift automatically upon Debtors' third default without a right to cure.

3)   that it be granted its reasonable and necessary attorney fees in bringing this Motion.

WHEREFORE, Green Tree moves this Court for an order granting relief from the automatic stay so that Green Tree may foreclose on and sell the property and for its reasonable and necessary attorney fees in bringing this Motion.

Respectfully submitted,

HIGIER ALLEN & LAUTIN, P.C.

By: _____
Richard A. McKinney
State Bar No. 13723430
Maris E. Matocha
State Bar No. 24078944
5057 Keller Springs Road, Suite 600
Addison, Texas 75001-6231
Telephone: (972) 716-1888
Telecopy: (972) 716-1899

ATTORNEYS FOR GREEN TREE SERVICING LLC

## CERTIFICATE OF CONFERENCE

This is to certify that the offices of Pamela Jean Chaney were contacted on October 23, 2013, and a good faith effort was made to negotiate a settlement of the dispute with Debtors' counsel.

Richard A. McKinney/Maris E. Matocha

## CERTIFICATE OF SERVICE

I hereby certify that on this 30 day of October, 2013, a true and correct copy of the foregoing Motion to Lift Automatic Stay has been sent to the following by either First Class Regular Mail or Electronic Case Filing Notification ("ECF"):

Roberto Tijerina and Carman Tijerina
2010 Graham St.
Abilene, TX 79603

Pamela Jean Chaney
Monte J. White & Associates, P.C.
402 Cypress, Suite 310
Abilene, TX 79601

Walter O'Cheskey
Chapter 13 Trustee
6308 Iola Ave.
Lubboc, TX 79424

Richard A. McKinney/Maris E. Matocha

# SALE CONTRACT—TEXAS

**MID-STATE TRUST VIII**
**JIM WALTER HOMES, INC.**

THIS AGREEMENT made this **19th** day of **June**, 20**01**
between **Robert and wife Carmen Tijerina**
hereinafter referred to as "Buyer"
whose address is **5144 Taos Abilene, Texas 79605**
and Mid-State Trust **VIII** a Delaware business trust operating through Wilmington Trust Company, not in its individual capacity but solely as Owner Trustee of Mid-State Trust **VIII**, with an address of c/o Wilmington Trust Company, Rodney Square North, Wilmington, Delaware 19890, and JIM WALTER HOMES, INC., a Florida Corporation, having its principal office at 1500 North Dale Mabry Highway, Tampa, Florida 33607 and its local place of business at **Abilene, Texas**
hereinafter referred to as "Seller".

1. **Buyer's Promise To Pay**

   In consideration of Seller's conveyance of the hereinafter described real property and improvements, Buyer promises to pay to Seller the Total of Payments shown in the Federal Truth in Lending Disclosure Statement below in **300** equal monthly installments of **267.10** each, (with the first such installment being due the 5th day of **September**, 20**01**, with subsequent installments to be paid on the same day of each month thereafter until said sum is paid in full). The Finance Charge begins to accrue 30 days prior to the due date of the first scheduled installment. Buyer and Seller agree that the Finance Charge will be recognized for Federal Income Tax purposes in equal parts over the life of this contract. Buyer understands that Seller may transfer or assign this Contract. Any assignor or transferee of this Contract succeeds to and becomes entitled to all rights, interest, and remedies of Seller hereunder. Buyer will pay the monthly installments due hereunder to Seller at its office at P.O. Box 31601, Tampa, Florida 33631-3601, or at such other place as Seller may hereafter designate in writing.

2. **Security**

   Simultaneously herewith, Buyer agrees to execute and deliver to Seller a Deed of Trust covering the following described real property, together with all buildings, structures and improvements now or hereafter located thereon:

   For legal description see Exhibit "B", attached hereto and made a part of this instrument.

   In the Deed of Trust executed in connection herewith, Buyer grants to Seller a purchase money security interest, described in a contractual Deed of Trust and therein confesses, recognizes and acknowledges a vendor's lien and superior title in favor of Seller on the aforesaid real property and improvements. Under the Deed of Trust and this Contract, Buyer agrees to name Seller as a named insured under the herein referenced insurance policies, thereby giving Seller a contractual security interest in the proceeds of such insurance policies now owned or hereafter acquired by Buyer. The Deed of Trust and other liens herein referenced secure the "Total of Payments" disclosed hereinabove and further secure any and all other charges or sums due hereunder. Seller hereby waives any liens which may arise as a part of the subject transaction which are not described herein or in said Deed of Trust.

3. **REQUIRED INSURANCE**

   THE SELLER REQUIRES THE BUYER TO KEEP THE ABOVE DESCRIBED REAL PROPERTY AND IMPROVEMENTS LOCATED THEREON INSURED AGAINST DAMAGE OR LOSS FROM FIRE, LIGHTNING, WINDSTORM AND EXTENDED COVERAGE. BUYER MUST MAINTAIN THE REQUIRED INSURANCE COVERAGE ON SAID REAL PROPERTY AND IMPROVEMENTS UNTIL BUYER'S OBLIGATIONS UNDER THIS CONTRACT ARE FULLY DISCHARGED. IN CONNECTION WITH THE FOREGOING ELECTION, BUYER ACKNOWLEDGES HAVING READ, UNDERSTOOD AND ACCEPTED THE ADDITIONAL INSURANCE DISCLOSURES SET FORTH IN EXHIBIT "C" ATTACHED HERETO AND INCORPORATED HEREIN BY THIS REFERENCE. _____ (BUYER'S INITIALS)

4. **No Other Representations; Dispute Resolution.**

   Buyer acknowledges and agrees (1) that no one has the authority to make any oral or verbal representation or statement which adds to or alters the written terms and provision of this Contract or other related documents; (2) that no such oral or verbal representation or statement has been made; and (3) that this Contract and related documents executed by the parties hereto set forth the entire transaction and every term and provision of the complete transaction agreed to by the parties. IN CONNECTION WITH THE FOREGOING, BUYER ACKNOWLEDGES HAVING READ, UNDERSTOOD AND ACCEPTED THE DISPUTE RESOLUTION AGREEMENT SET FORTH IN EXHIBIT "D" ATTACHED HERETO AND INCORPORATED BY THIS REFERENCE. _____ (BUYER'S INITIALS)

\* NOTE: PLEASE SEE THE BACK SIDE OF THIS DOCUMENT FOR ADDITIONAL TERMS AND CONDITIONS OF THIS CONTRACT

## FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE<br>The cost of your credit at a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all payments as scheduled (not including any down payment). | TOTAL SALES PRICE<br>The total cost of your purchase on credit, including your down payment of $ 800.00 |
|---|---|---|---|---|
| 9.25 % | $ 48,930.00 | $ 31,200.00 | $ 80,130.00 | $ 80,930.00 |

Your payment schedule will be:

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENT | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 300 | $ 267.10 | monthly, beginning the 5th day **September 20 01**, and on the 5th day of each thereafter. |

You may obtain property insurance from anyone you want that is acceptable to Seller. If you get the insurance through Best Insurors, Inc., your annual premium is estimated to be between $ **270.00** and $ **357.00** for the one year term of the policy.
Security: You are giving a security interest in real property together with all improvements now or hereafter placed on the property located at:
Street address or Rural Route: **TCI** City **Abilene** State **Texas**
Late Charge: If a payment is late, you will be charged $5.00 or 5% of the unpaid portion of the installment, whichever is less.
Prepayment: If you pay off early, you will not have to pay a penalty and you will be entitled to a refund of part of the Finance Charge.
Assumption: This indebtedness cannot be assumed.
An itemization of the amount financed is provided below.
See the remainder of this contract and the documents signed in conjunction with it for any additional information about nonpayment, default, any required payment in full before the scheduled date, and prepayment and penalties.

Itemization of Amount Financed

Cash Price of $ **32,000.00** Less Down Payment of $ **800.00** Amount Financed $ **31,200.00**

**NOTICE**
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
THE BUYER ACKNOWLEDGES THAT BUYER HAD THE ELECTION OF PURCHASING EITHER FOR CASH OR UPON A TIME PRICE BASIS AND HAS ELECTED TO PURCHASE ON THE TIME PRICE BASIS.
NOTICE TO THE BUYER: DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS MAY OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE. KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.
BUYER ACKNOWLEDGES THAT BUYER HAS RECEIVED A COMPLETED COPY OF THIS CONTRACT AND THAT ALL BLANK SPACES HAD BEEN FILLED IN PRIOR TO BUYER SIGNING IT.

IMPORTANT NOTICE: You and your contractor are responsible for meeting the terms and conditions of this contract. If you sign this contract and you fail to meet the terms and conditions of this contract, you may lose your legal ownership rights in your home. KNOW YOUR RIGHTS AND DUTIES UNDER THE LAW.

This contract is subject to Chapter 27, Property Code. The provisions of that chapter may affect your right to recover damages arising from the performance of this contract. If you have a complaint concerning a construction defect arising from the performance of this contract and that defect has not been corrected through normal warranty service, you must provide notice regarding the defect to the contractor by certified mail, return receipt requested, not later than the 60th day before the date you file suit to recover damages in a court of law. The notice must refer to Chapter 27, Property Code, and must describe the construction defect. If requested by the contractor, you must provide the contractor an opportunity to inspect and cure the defect as provided by Section 27.004, Property Code.

**NOTICE**
"YOU, THE BUYER, MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY AFTER THE DATE OF THIS TRANSACTION. SEE THE ATTACHED NOTICE OF CANCELLATION FORM FOR AN EXPLANATION OF THIS RIGHT."

MST 9022 (REV. 9/00)

TAMPA COPY: ATTACH BREAKDOWN, CREDIT REPORT AND ORIGINAL NOTE.

_Robert Tijerina_ SEAL
BUYER
_Carmen Tijerina_ SEAL
BUYER

JIM WALTER HOMES, INC.
BY: _[signature]_ SEAL
SELLER
LANE HUDSON, VICE PRESIDENT
MID-STATE TRUST VIII

BY: JIM WALTER HOMES, INC.
ATTORNEY-IN-FACT
FOR MID-STATE TRUST VIII
BY: _[signature]_ SEAL
Vice President SELLER
LANE HUDSON, VICE PRESIDENT

**EXHIBIT A**

5. <u>Buyer's Failure to Pay As Required</u>

   (A) <u>Late Charges for Overdue Payments</u>
   If Seller has not received the full amount of the monthly installments required hereunder by the end of 15 calendar days after the date such installment is due, Buyer will pay a late charge to Seller in an amount equal to $5.00 or 5% of the unpaid portion of the installment in default, whichever is less. Seller's acceptance of late payments or installments shall not constitute any defense to or waiver of Seller's right to insist upon and enforce timely payment hereunder.

   (B) <u>Default</u>
   If Buyer does not pay the monthly installments due hereunder within 15 calendar days after the above-specified installment due date, or if Buyer fails to timely pay any other charge or sum required hereunder, or if Buyer defaults in any term, provision, covenant or condition of the Deed of Trust which secures payment of said sums, Seller may, at its option, after giving proper notice, declare immediately due and payable all indebtedness due hereunder (excluding all unearned charges, and unearned finance charges which, unless prohibited by applicable state law, such credit shall be computed pursuant to the Actuarial Method). Any failure of Seller to exercise said option of acceleration shall not constitute a waiver of the right to accelerate at a later time, in the event of Buyers' default hereunder.

   (C) <u>Payment of Costs & Expenses</u>
   i. Buyer agrees that if this Contract or said Deed of Trust is referred for collection or enforcement to an attorney who is not a salaried employee of the Seller, the Buyer will pay all reasonable attorney's fees and all court costs and disbursements.

   ii. In the event any check, money order, draft or other instrument payable on demand is dishonored for any reason upon Seller's initial demand or deposit, Buyer agrees to pay Seller an additional sum of $15.00.

6. <u>Prepayment</u>
   Buyer may at any time prepay in full the unpaid indebtedness due hereunder, and upon prepayment, Buyer shall receive a credit against said indebtedness for all unearned charges, including a credit for the unearned Finance Charge. Unless prohibited by applicable state law, such credit shall be computed pursuant to the Actuarial Method.

7. <u>Non-Assumability of Indebtedness</u>
   Buyer's indebtedness hereunder may not be assumed.

8. <u>Miscellaneous</u>
   Should any provision of this Contract (or related Deed or Deed of Trust) be deemed by a court of competent jurisdiction to be unenforceable, that determination will not affect the enforceability of the remaining provisions.

   The headings used herein are for convenience only and shall in no way affect or be used in interpreting the substance or meaning of the terminology and provisions hereof.

9. <u>Requirements of Approval by Officer of Seller</u>
   This Contract (and the related Deed and Deed of Trust) shall not be valid or effective unless and until this Contract has been executed by an officer of Seller and the related Deed has been executed by an officer of Seller and delivered to Buyer.

10. **<u>DISCLAIMER OF ANY AND ALL WARRANTIES</u>**
    **<u>TO THE EXTENT SELLER CAN LAWFULLY DO SO, SELLER DISCLAIMS ENTIRELY ANY AND ALL WARRANTIES INCLUDING WARRANTIES OF MERCHANTABILITY, SUITABILITY AND FITNESS FOR ANY PARTICULAR PURPOSE. SELLER MAKES NO OTHER WARRANTY, EXPRESS OR IMPLIED, IN CONNECTION WITH THE SALE OF THE ABOVE DESCRIBED REAL PROPERTY AND IMPROVEMENTS LOCATED THEREON. BUYER ACKNOWLEDGES THAT BUYER HAS HAD AMPLE OPPORTUNITY TO VIEW AND FULLY INSPECT THE REAL PROPERTY AND IMPROVEMENTS WHICH ARE BEING SOLD IN THEIR "AS IS" CONDITION AND NO STATEMENT OR REPRESENTATION CONCERNING THE STATUS OR CONDITION OF THE LAND OR IMPROVEMENTS HAS BEEN MADE BY SELLER OR RELIED ON BY BUYER.</u>**

11. <u>No Representation As to Repair or Modification</u>
    Except as may be specifically set forth in writing on any Addendum attached hereto, Buyer understands and acknowledges (1) that there are no repairs, modifications or other items to be done or performed by Seller with respect to the land or any improvement, and (2) that Seller has made no statement or representation in that regard.

12. <u>No Representation As To Subdivision Laws or Requirements</u>
    Seller makes no representation as to whether the property is subject to any Subdivision laws or requirements or whether any such Subdivision laws or requirements have been complied with and Buyer hereby accepts the responsibility of determining whether the property is subject to any Subdivision laws or requirements and whether the property is in compliance with any applicable Subdivision laws or requirements.

13. <u>No Representation As To Utilities or Amenities</u>
    Seller makes no representation as to whether the property now has, or can ever have access to or use sewer, septic system, or other sewage facilities, electricity, water, gas, telephone, or any other utility or amenity and Buyer hereby accepts responsibility of determining the absence and/or unavailability of any utilities or amenities.

14. <u>No Survey And No Representation As To Size or Boundaries</u>
    Buyer understands and acknowledges (1) that Seller has made no survey of the property and that any desired survey or location of the boundary lines is the responsibility of Buyer; (2) that Seller has made no representation as to the location of the boundaries of or the exact size of the property (other than as may be stated in the legal description of the property set forth herein); (3) that Buyer has had ample opportunity to ascertain the exact size and location of the boundaries of the property.

15. <u>Account Contact</u>
    To contact Jim Walter Homes, Inc. about this account, call 1-800-392-6656. This Contract is subject in whole or in part to Texas law which is enforced by the Consumer Credit Commissioner, 2601 North Lamar Boulevard, Austin, Texas 78705-4207. Phone (512) 479-1280 or 1-800-538-1579. Contact the Commissioner relative to any injuries or complaints.

## ASSIGMENT ALLONGE

THE ASSIGMENTS BELOW ARE MADE BY ALLONGE TO THE FOLLOWING INSTRUMENT:

```
DATE               : 6/19/01
ACCOUNT NUMBER     : ▮▮▮▮▮
ORIGINAL AMOUNT    : $80,130.00
ORIGINAL OBLIGEE   : MID-STATE TRUST VIII AND JIM WALTER HOMES, INC.
ORIGINAL OBLIGOR(S): ROBERT TIJERINA AND CARMEN TIJERINA
```

In consideration of one dollar, this instrument and all rights incident thereto are hereby assigned to Mid-State Trust VIII, without recourse.

Jim Walter Homes, Inc.

By: _[signature]_
Vice President

In consideration of one dollar, this instrument and all rights incident thereto are hereby assigned to First Union National Bank, as Indenture Trustee, without recourse.

Mid-State Trust VIII
By: Wilmington Trust Company, not in its individual capacity, but solely as Owner Trustee of Mid-State Trust VIII
By: Mid-State Homes, Inc.
    its Attorney in Fact

By: _[signature] Joy Kelly_
Vice President

## ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FUTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE.

Account Number: ~~6606692~~

Note Date: 06/19/2001

Amount: $ 80,130.00

Customer Name: Robert Tijerina and Carmen Tijerina

Property Address: Abilene, TX

*******************************************
PAY TO THE ORDER OF:


WITHOUT RECOURSE
U.S. Bank N.A. as Trustee, successor in interest to Wachovia Bank, N.A., as Trustee, successor by merger to First Union National Bank, as Trustee by its Attorney-in-Fact Green Tree Servicing, LLC

BY: _____
Name:  Helen Melake
Title: Assistant Vice President

Doc 01012182 BK OR 2613 VOL 987 Pg

## PURCHASE MONEY DEED OF TRUST-TEXAS
## MID-STATE TRUST VIII and JIM WALTER HOMES, INC.

DATE: June 19, 2001

GRANTOR (whether one or more): Robert and wife Carmen Tijerina Tijerina

GRANTOR'S MAILING ADDRESS (including county): 5144 Taos Abilene, Texas 79605

Taylor County

TRUSTEE: Ronald K. Achille

TRUSTEE'S MAILING ADDRESS:
P.O. Box 31601
Tampa, FL 33631-3601

BENEFICIARY: MID-STATE TRUST VIII and JIM WALTER HOMES, INC.

BENEFICIARY'S MAILING ADDRESS:
P.O. Box 31601
Tampa, FL 33631-3601

INDEBTEDNESS: All sums payable under the sale contract (hereinafter "Sale Contract") of even date herewith executed by and between GRANTOR and BENEFICIARY, including any and all modifications thereto.

PROPERTY (including all improvements located thereon):

For legal description see Exhibit "B", attached hereto and made a part of this instrument.

RETURN TO
JIM WALTER HOMES, INC.
ATT: LILIAN P. PANGANIBAN
P.O. BOX 31601
TAMPA, FL 33631-3601

FOR VALUE RECEIVED and to secure payment of the INDEBTEDNESS GRANTOR conveys the PROPERTY to TRUSTEE in trust.

**GRANTOR'S OBLIGATIONS:**
GRANTOR agrees to:
1. pay all sums specified in the Sale Contract and perform all of GRANTOR'S obligations thereunder and under this Deed of Trust;
2. keep the PROPERTY in good repair and condition;
3. pay all taxes and assessments on the PROPERTY when due;
4. maintain, in a form acceptable to BENEFICIARY, an insurance policy that:
   a. covers all improvements to the extent of the lesser of the actual cash value of the improvements or the indebtedness secured by the Deed of Trust;
   b. provides fire, lightning, windstorm and extended coverage;
   c. contains a clause making the proceeds payable to BENEFICIARY, or its assigns, to the extent of its interest in the PROPERTY, BENEFICIARY reserves the right to refuse to accept an insuror offered by GRANTOR if the policy is not in the form or amount acceptable to BENEFICIARY;
   d. provides flood insurance any time the PROPERTY is in a flood hazard area;
5. do all things necessary to keep and maintain the insurance policy in effect;
6. deliver the insurance policy to BENEFICIARY if same is not purchased through Best Insurors, Inc., and deliver renewals thereof to BENEFICIARY at least thirty (30) days prior to expiration thereof;
7. and does hereby assign to BENEFICIARY the insurance policy (including all proceeds thereof and BENEFICIARY'S rights thereunder) in the event the lien hereby created is foreclosed;
8. preserve the priority of this lien as it is established in this Deed of Trust.

**BENEFICIARY'S RIGHTS:**
1. BENEFICIARY may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of TRUSTEE;
2. BENEFICIARY may, at BENEFICIARY'S sole option and discretion, apply any proceeds received under the insurance policy required hereunder either to reduce the INDEBTEDNESS hereby secured or to repair or replace damage or destroyed improvements covered by the policy;
3. If GRANTOR fails to perform any of GRANTOR'S OBLIGATIONS, BENEFICIARY may perform those obligations and be reimbursed by GRANTOR on demand for any sums so paid, including attorney's fees, and said sums shall be secured by this Deed of Trust;
4. If GRANTOR defaults in payment of the sums specified in the Sale Contract or fails to perform any of GRANTOR'S OBLIGATIONS or other obligations hereunder or under said Sale Contract, BENEFICIARY may, at its election and with proper notice of its intent to do so:
   a. declare all INDEBTEDNESS immediately due and payable, excluding all unearned charges, and unearned finance charges. Unless prohibited by applicable state law, such credit shall be computed pursuant to the Actuarial Method, as provided in the Sale Contract. Thereafter, all matured, unpaid and past due sums and accrued interest shall bear interest from maturity until paid, at the highest contract rate of interest (but in no event shall the rate exceed the maximum rate permitted under Texas law);
   b. request TRUSTEE to foreclose this lien, in which case the TRUSTEE or its agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended;
   c. purchase the PROPERTY at any foreclosure sale;
   d. bring suit for the enforcement and collection of this Deed of Trust and the Sale Contract and any other available remedy or relief.



EXHIBIT B

**TRUSTEE'S DUTIES:**

If requested by BENEFICIARY to foreclose this lien, TRUSTEE shall:
1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;
2. sell and convey all or part of the PROPERTY, in accordance with the Texas Property Code as then amended, to the highest bidder for cash with a general warranty deed binding GRANTOR, his heirs and assigns;
3. from the proceeds of the sale, pay in this order:
    a. expenses of foreclosure, including any attorney's fees and other sums due under the Sale Contract;
    b. to BENEFICIARY, the full amount of the INDEBTEDNESS then due BENEFICIARY (excluding all unearned charges, and unearned finance charges. Unless prohibited by applicable state law, such credit shall be computed pursuant to the Actuarial Method) and any other sums due and payable hereunder or under the Sale Contract;
    c. any amounts required by law to be paid before payment to GRANTOR; and
    d. to GRANTOR, any balance.

**GENERAL PROVISIONS:**

1. If any PROPERTY is sold under this Deed of Trust, GRANTOR shall immediately surrender possession to the purchaser. If GRANTOR fails to do so, GRANTOR shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.
2. Recitals in any conveyance of the PROPERTY by the TRUSTEE or any substitute shall be prima facie evidence of the truth of the matters therein stated, and all prerequisites to said sale shall be presumed to have been performed, and such sale and conveyance shall be effective against GRANTOR, his heirs and assigns.
3. Proceeding under this Deed of Trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.
4. This lien shall take precedence over and be a prior lien to any other lien of any character whatever, whether vendor's, materialmen's or mechanics lien, hereafter created on the PROPERTY, and in the event any liens heretofore existing on the PROPERTY are paid or satisfied, then BENEFICIARY is and shall be subrogated to all the rights, liens and remedies of the indebtedness so paid.
5. This lien shall remain superior to liens later created even if the time of payment of the INDEBTEDNESS is extended or part of the PROPERTY is released.
6. If any portion of the INDEBTEDNESS cannot be lawfully secured by this Deed of Trust, payments shall be applied first to discharge that portion of the INDEBTEDNESS.
7. Nothing herein contained shall ever entitle BENEFICIARY, upon the arising of any contingency whatsoever, to receive or collect finance charges in excess of that allowed by law, and in no event shall GRANTOR ever be obligated to pay any such excess.
8. Should GRANTOR sell, transfer, exchange or in any other manner convey, or agree to convey, title to the PROPERTY in any manner, without BENEFICIARY'S prior written consent, BENEFICIARY may, at its election and with proper notice of its intent to do so, declare all INDEBTEDNESS immediately due and payable (excluding all unearned charges, and unearned finance charges. Unless prohibited by applicable state law, such credit shall be computed pursuant to the Actuarial Method, as provided in the Sale Contract) and enforce the terms and provisions of this Deed of Trust.
9. When the context requires, singular nouns and pronouns include the plural, and the masculine gender includes the feminine.
10. This Deed of Trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.
11. If GRANTOR and BUYER are not the same person, the GRANTOR shall include Buyer.
12. GRANTOR acknowledges that the INDEBTEDNESS hereby secured is for the purchase of the PROPERTY (as reflected in the Sale Contract) and GRANTOR hereby expressly confesses, recognizes and acknowledges that BENEFICIARY retains a vendor's lien on and superior title to the PROPERTY as additional security therefor.

_____
GRANTOR    Robert Tijerina

_____
GRANTOR    Carmen Tijerina

(Acknowledgement)

THE STATE OF TEXAS
COUNTY OF ____Taylor____

This instrument was acknowledged before me this 19th day of ___June___ x19 2001 by Robert and wife Carmen Tijerina

TRESSA LYNN LOFTIN
Notary Public, State of Texas
My Commission Exp 03-09-05

Notary Public, State of Texas
Print Name __Tressa Lynn Loftin__
Commission Expires __3-9-05__

Prepared in the office of:
Larry G. Hyden
900 NationsBank Center North
500 North Water St.
Corpus Christi, TX 78471-0899

MST 9024 (6/98) Resale

Doc 01012182  Bk OR  Vol 2613  Pg 989

Exhibit "B"

ALL THAT CERTAIN LOT, TRACT OR PARCEL OF LAND SITUATED IN TAYLOR COUNTY, TEXAS, AND BEING LOT NO. SIXTEEN (16) IN BLOCK NO. THIRTY-FOUR (34) IN ARTHUR SEARS PARK AN ADDITION TO THE CITY OF ABILENE, TEXAS, ACCORDING TO MAP OF SAID ADDITION SAID TAYLOR COUNTY HERE REFERRED TO FOR PURPOSES OF DESCRIPTION

*Robert Tijerina* (signature)
Robert Tijerina

*Carmen Tijerina* (signature)
Carmen Tijerina

RECORDER'S MEMORANDUM
ALL OR PARTS OF THE TEXT ON
THIS PAGE WAS NOT CLEARLY
LEGIBLE FOR SATISFACTORY RECORDATION

Doc
01012182
Bk Vol
OR 2613
Pg
990

Filed for Record in:
Taylor County

On: Jul 30, 2001 at 03:19P

STATE OF TEXAS          COUNTY OF TAYLOR
I hereby certify that this instrument was
filed on the date and time stamped hereon by me
and was duly recorded in the Official Public
Records of: Taylor County, Texas as stamped
hereon by me.

Janice Lyons, County Clerk
Taylor County, Texas

By,
John Bender
Deputy

COMPARED

Doc 01013909 Bk OR Vol 2622 Pg 224

Resale Carlos Leal #554784  #874761

# TEXAS
## ASSIGNMENT OF DEED OF TRUST INTEREST

THIS ASSIGNMENT OF DEED OF TRUST INTEREST dated **June 19th, 2001,** from Jim Walter Homes, Inc. ("Assignor"), a Florida corporation having an address of P. O. Box 31601, Tampa, Florida 33631-3601, to Mid-State Trust VIII ("Assignee"), a business trust created under the laws of Delaware pursuant to a Trust Agreement dated as of May 3, 2000, operating by and through Wilmington Trust Company, not in its individual capacity but solely as Owner Trustee of Mid-State Trust VIII, having an address of c/o Wilmington Trust Company, Rodney Square North, Wilmington, Delaware 19890.

WITNESSETH:

FOR VALUE RECEIVED, Assignor does hereby sell, assign, transfer and set over unto Assignee, its successors and assigns, that certain deed of trust, together with the debts thereby secured, the notes therein described, and all interest of the undersigned in and to the lands and property conveyed by said deed of trust without recourse; said deed of trust appears of record at Vol. 2613, Page 987, in the Public Records of **Taylor** County, Texas.

Mortgagors: **Robert Tijerina and Carmen Tijerina**.

TO HAVE AND HOLD unto the said Assignee, its successors and assigns, FOREVER.

EXECUTED the day and year first above written.

JIM WALTER HOMES, INC.

By: _____
Name: **Lane Hudson**
Title: **Vice President**

1